### No. 757
### WELTY v. UNITED STATES
U. S. Appeals, 6th Circuit
No. 4056 Decided Nov. 5, 1924.

465. ERROR—Refusal of District Court to definitely draw line of demarcation as to what law forbids and what is allowed under War Risk Insurance Act is ground for reversal.

647. INSURANCE—War Risk Act interpreted.

MACK, C. J.

Benjamin Welty was convicted and sentenced to imprisonment for one year and payment of a fine of $500 under an indictment charging a violation of Sec. 13 of the War Risk Insurance Act. By virtue of said act, "any person who shall directly or indirectly, solicit, contract for, charge, or receive any fee or compensation, except as herein provided........punishable by fine of not more than $500 or by imprisonment at hard labor for not more than two years or by both."

Welty being an attorney at law, it was charged, engaged in furnishing assistance as was required in preparation of necessary papers for the collection of the claim of compensation of one, Strayer, from the Bureau of War Risk Insurance. Strayer, it seems, became insane a few days after his arrival in camp and it was charged that Welty contracted to receive a fee of $1,274.64, in excess of the three dollars allowed by the foregoing Act.

It seems that when the father of Strayer first made his claim for compensation it was refused on the ground that Strayer's condition did not arise while in the service. Welty was applied to by the father and said Welty recovered compensation of which $1,274.64 was one third. Error was prosecuted from the judgment of the District Court and it was contended by the United States that Welty contracted to receive one third of the compensation if successful in securing it under the act for his services, such payment to be made from the compensation so received.

Welty claimed that his employment was solely by and on behalf of the father, of one third of such sum as might be allowed the father because of the expenses incurred by him for his son plus any expenses to which Welty might be put in the matter. The Circuit Court of Appeals held:

1. There can be no question as to the constitutional power of Congress to regulate charges that may be made for services to be rendered to applicants for compensation under the War Risk Insurance Act.

2. As we interpret the statute it permits a charge of three dollars to the applicant himself for services in preparation and execution of the necessary papers, and prohibits any charge whatsoever to him for any additional services in the prosecution of the claim.

3. The vital question was whether or not Welty indirectly solicited or received compensation out of the funds that belonged to the insane applicant, or whether his dealings were entirely with and on behalf of the father and his compensation to be paid solely out of anything that the father might justly recover from the estate of his son.

4. It was therefore necessary that the jury be carefully instructed as to the sound interpretation of the act and that a clear line of demarcation be drawn between what was allowed and what was forbidden by the law. Such an interpretation was asked for by Welty and was refused, the trial judge being of the opinion that the language of the act spoke for itself and required no comment.

5. The contention of the government that the contract made by Welty, whether it was to come out of the reimbursement of the father or not, was still such a contract as was contemplated by Congress, within the meaning of the statute because it was an incentive to prosecute the claim for mercenary reasons and therefore against public policy, is not correct under interpretation of the statute. It but reinforces however, the propriety of Welty's request to charge and refusal thereof was such error as compels a reversal of the judgment. Reversed and remnaded.

Attorneys—Marshall & Fraser, Toledo; and J. Henry Goeke and Harry O. Bentley, Lima, for Welty; George E. Reed, Toledo, and A. E. Bernsteen and M. A. McCormick, Cleveland, for United States.

---

### No. 758
### ZIMMERMAN et v. UNITED STATES
U. S. Appeals, 6th Circuit
Nos. 4001, 4018. Decided July 8, 1924

1277. WORDS AND PHRASES—"Voluntarily suffer to escape" in Criminal Code, making it offense for those having prisoners in their custody to voluntarily suffer them to escape, imply willful or intentional permission to escape, but carelessness does not constitute offense.

PER CURIAM.

Sam Zimmerman and Andrew Szmetko were convicted in the District Court of the United States, for the Western Division of the Northern District of Ohio for allowing three prisoners to escape from the Lucas County jail.

It appears that Zimmerman and Szmetko were jailers and on the occasion of the commission of the alleged crime were directly in charge of federal prisoners confined in the county jail. Evidence as to the escape showed that the prisoners were housed in what is known as the "bull pen."

Szmetko, in order to give the prisoners a bucket of soup, manipulated the levers controlling the cell doors, contrary to instructions, allowing the door to open, whereupon the jailers were attacked and three of the prisoners escaped.

Zimmerman and Szmetko were indicted jointly under section 138 of the Criminal Code (Comp. St. par. 10308) which reads, "Whenever any marshall - - - - - or other person has in his custody any prisoner by virtue of process issued under the laws of the United States - - - - - and such - - other person voluntarily suffers such prisoner to escape", he shall be punished as provided therein - - - -. The defendants were sentenced to 21 months in the penitentiary.

Error was prosecuted to the Circuit Court of Appeals, which held:

1. Voluntarily suffering a prisoner to escape is not a technical expression; it required no refined legal definition or elaborate explanations.

2. The words, in our judgment, clearly refer to acts and omissions on the part of a person in charge of a prisoner intended by him to permit the latter to escape.

3. The view of the court below that the statute was designed to punish "what we loosely call criminal carelessness" or "acquiescent carelessness," whatever these phrases may mean, cannot be accepted.

4. The jury might well have concluded from the charge that if the defendants, at the moment of the attack, upon them, consciously, though in a real sense unwilling, permitted the prisoners to escape rather than subject themselves to imminent danger, they were guilty of what the court terms acquiescent or criminal carelessness, regardless of a total prior ignorance of the plan of escape.

5. There is implied if not expressed in the statutory phrase, a willful or intentional permission to escape; naturally direct proof of intent is not required. Recklessness, whether, in omission or commission may justify the inference of such intent, but carelessness of whatever grade is not synonymous therewith.

Judgments reversed and causes remanded.

Attorneys—Curtis T. and Ben W. Johnson, Toledo, for Zimmerman et; A. E. Bernsteen, U. S. Atty., Cleveland, and Geo. E. Reed., Asst. U. S. Atty., Toledo, for United States.

# SUPERIOR COURT